# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. MURISON and <br> LINDA MURISON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No. 06 C 7065 <br> Magistrate Judge Susan E. Cox |
| v. | ) <br> ) | |
| JERRY D. BEVAN and <br> HIRSCHBACH MOTOR LINES, INC. | ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a diversity civil action for personal injuries of the plaintiff David Murison, and for loss of consortium by his wife Linda Murison (collectively referred to as the "plaintiffs"), resulting from a collision when their vehicle was allegedly struck by a semi-tractor trailer. The trailer was operated by the defendant Jerry Bevan ("Bevan"), who was employed by the defendant Hirschbach Motor Lines, Inc. ("Hirschbach"). The complaint alleges negligence on the part of both defendants in Count I and willful and wanton entrustment by Hirschbach in Count II. Presently before this Court is Hirschbach's motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Hirschbach's motion is denied.

**I.    Background[1]**

On March 27, 2006 the plaintiffs were driving down Illinois Route 64 in Carol Stream, Illinois. At approximately 1:34 p.m., Bevan rear-ended the plaintiffs' vehicle in a semi-tractor trailer, at or near the intersection of Route 64 and Kuhn Road. As a result of the collision, plaintiff

---

[1]The facts are taken from the plaintiffs' Second Amended Complaint, which for the purposes of this motion, we accept as true. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

David Murison sustained injuries to his back, neck, shoulders, and knees. At the time Bevan was employed by Hirschbach as a truck driver and was acting within the course and scope of his employment with Hirschbach.

In their complaint, the plaintiffs allege that Bevan has been previously involved in various traffic incidents, including collisions, and incurred tickets for the traffic violations. The plaintiffs claim that Hirschbach was aware of these violations and collisions and, therefore, knew or should have known that Bevan was incompetent, inexperienced, and/or reckless truck driver. Despite this knowledge, the plaintiffs contend that Hirschbach entrusted its truck to Bevan on and before March 27, 2006.

On December 21, 2006 the plaintiffs filed a one-count complaint on a theory of negligence against both defendants. In their answer the defendants admitted that Bevan acted within the scope of his employment with Hirschbach but denied all allegations of negligence. The plaintiffs then filed a First Amended Complaint which added a negligent entrustment count against Hirschbach in its capacity as Bevan's employer. This count was subsequently dismissed, and the plaintiffs re-pleaded the same allegations as a willful and wanton entrustment count in a Second Amended Complaint. The defendants answered again admitting employment relationship but denying allegations of Bevan's negligence at the time of the collision. In addition, Hirschbach filed a present motion to dismiss Count II for willful and wanton entrustment.

## II.     Standard for Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of the compliant, not to decide the merits of the case.[2] In ruling on a motion to dismiss, the court takes all well-pleaded allegations

---

[2] *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

of the complaint as true, drawing all inferences in favor of the plaintiff.[3] It is undisputed that federal procedural law will govern procedural aspects of this motion while Illinois substantive law will apply to the substantive issues of the willful and wanton entrustment cause of action.[4]

### III. Analysis

The issue here is whether the plaintiffs' willful and wanton entrustment allegations in Count II of the complaint fall short of the requirements outlined in the recent Supreme Court's decision in *Bell Atlantic v. Twombly*.[5] The plaintiffs maintain that under *Bahrenburg v. AT & T Broadband LLC* Count II is sufficient to overcome Hirschbach's motion.[6] However, in holding that the "bald allegation" that the defendant's willful and wanton conduct caused the plaintiff's injury is sufficient to survive the motion to dismiss, the court relied on a former pleading standard that is now abrogated by *Bell Atlantic*.[7] Therefore, since the *Bahrenburg* court relied on the pre-*Bell Atlantic* precedents, this Court agrees with Hirschbach that *Bahrenburg* is not controlling.[8]

The Court now turns to the analysis of the present federal pleading standard. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain

---

[3] *Killingsworth,* 507 F.3d at 618.

[4] *Bahrenburg v. AT & T Broadband LLC*, 425 F.Supp.2d 912, 914 (N.D. Ill. 2006).

[5] *See* 127 S.Ct. 1955, 1964-65 (2007).

[6] *See* 425 F.Supp.2d at 915-16 (stating that even though the complaint clearly fails to allege facts demonstrating willful and wanton misconduct, the dismissal would be warranted only in state court because federal notice pleading does not require a plaintiff to reveal many details at this state of the proceedings).

[7] *See Bahrenburg*, 425 F.Supp. at 914; *see also Bell Atlantic*, 127 S.Ct. at 1969 (stating that the often quoted statement from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) "has earned its retirement").

[8] *See Bahrenburg*, 425 F.Supp.2d at 914, 916 (citing *Conley*, 355 U.S. at 45-46 and *Kolupa v. Roselle Park District*, 438 F.3d 713, 714 (7th Cir. 2006)).

statement of the claim showing that the pleader is entitled to relief."[9] The *Bell Atlantic* decision reinterpreted this Rule, stating that this short and plain statement must be enough "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[10] The Court explained that "the plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."[11] Instead, the Court required that the allegations "raise a right to relief above the speculative level."[12] Although it does not mean "heightened fact pleading of specifics," it does mean that the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[13]

The defendants' counsel contended at the oral argument that while under the notice pleading standard this complaint would have been sufficient, *Bell Atlantic* imposed a higher pleading standard upon plaintiffs. This position, however, is at odds with the case law in this circuit. In its most recent decision on the sufficiency of the pleading at the motion to dismiss stage of litigation, the Seventh Circuit held that "[a]lthough the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading standard."[14] The court concluded that "notice-pleading is still all that is required" because

---

[9] Fed.R.Civ.P. 8(a)(2).

[10] 127 S.Ct. at 1964.

[11] *Id.* at 1964-65.

[12] *Id.* at 1965.

[13] *Id.* at 1974.

[14] *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citing *Bell Atlantic*, 127 S.Ct. at 1973 (expressly disclaiming the establishment of any "heightened pleading standard")).

a plaintiff still must provide only enough detail to give the defendant fair notice of the claim and its grounds, and show that the relief is plausible.[15]

Thus, the Seventh Circuit has consistently stated that *Bell Atlantic* established only two necessary elements or "easy-to-clear hurdles" for a complaint in federal court: (1) the complaint must state the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief.[16] The Court now turns to the analysis of the present complaint to determine whether it "cleared" both "hurdles," in which case its dismissal will not be warranted.

**A. Sufficiency of the allegations to give Hirschbach fair notice of the claim and its grounds.**

Hirschbach argues that the allegations related to Bevan's driving record are vague, conclusory, and fail to provide facts necessary to support a connection to the willful and wanton entrustment claim against Hirschbach. However, conclusory statements are allowed in federal pleadings.[17] To give fair notice of the claim and its grounds, the factual allegations of the complaint should not be sketchy.[18] Rather, the complaint must give the defendant sufficient notice of the claim and its grounds "to enable him to begin to investigate and prepare a defense."[19] In a rare close case

---

[15] *Id.*; *see also Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (holding that "specific facts are not necessary" and the liberal pleading standard must still be followed).

[16] *See, e.g., Tamayo*, 526 F.3d at 1084 (citing *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

[17] *Id.* (stating that "*Bell Atlantic*'s explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings").

[18] *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

[19] *Tamayo*, 526 F.3d at 1085.

a court must be guided by the purpose of the federal pleading rules to determine what is enough to provide a fair notice to the defendant.[20]

Applying these tests to the case at bar, the Court finds that Count II of the complaint is detailed enough to give Hirschbach fair notice of the willful and wanton entrustment claim and the grounds upon which its rests. The complaint sufficiently alleges entrustment of Hirschbach's vehicle to Bevan in spite of Hirschbach's purported knowledge of Bevan's alleged incompetency and reckless and dangerous driving record, which is evidenced by numerous violations Bevan has been involved in for the past eleven years. These allegations are not "sketchy;" they are clear and provide enough information to enable Hirschbach to defend itself. Finally, it is axiomatic that the intent of the liberal notice pleading system is to ensure that the claims are adjudicated on the merits, therefore, prior decisions in this circuit direct the Court to find that the allegations in Count II of the complaint are sufficient to provide fair notice to Hirschbach.[21]

**B. Sufficiency of the allegations to show plausibility of the entitlement to relief above the speculative level.**

Since the Court finds that the first prong of the *Bell Atlantic* test has been satisfied, the only issue remaining is whether the complaint "showed" that the Plaintiffs' entitlement to relief is plausible. The Court finds that it did.

The task in applying *Bell Atlantic* is to determine in each context what allegations are necessary to show that recovery is plausible.[22] The level of detail and specific requirements will

---

[20] *See Concentra*, 496 F.3d at 779 (citing *McCormick v. City of Chicago*, 230 F.3d 319, 323-26 (7th Cir. 2000).

[21] *See id.*

[22] *Tamayo*, 526 F.3d at 1083 (citing *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

depend on the type of case.[23] Since the willful and wanton entrustment cause of action is founded in Illinois common law, the Court agrees with Hirschbach that Illinois law should be consulted to determine the plausibility of recovery under the complaint as pleaded.[24] The Illinois Supreme Court defined willful and wanton misconduct as an intentional injury or an act "committed under circumstances exhibiting a reckless disregard for safety of others, such as a failure after knowledge of impending danger to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."[25] The court found willful and wanton misconduct where the passenger in a car sustained injuries because of the driver's intentional reckless driving at the excessive speed on a rainy day with limited visibility.[26]

In support of its motion Hirschbach relies on *Samuels v. Checker Taxi Company, Inc*, where the court concluded that without allegations of aggravation or approval of the driver's conduct by the employer, the willful and wanton entrustment cause of action does not stand.[27] While this argument has merit, the Supreme Court of Illinois in a later decision in *Lockett v. Bi-State Transit Authority sub silencio* abolished aggravation, or approval of the driver's conduct by the employer,

---

[23]*Id.*

[24]*See Crawford v. Yellow Cab Company*, 572 F.Supp. 1205, 1207-08 (N.D. Ill. 1983) (applying Illinois law to determine what conduct would constitute willful and wanton misconduct); *Bahrenburg*, 425 F.Supp.2d at 915-16 (examining Illinois law to establish whether allegations of willful and wanton misconduct were sufficient to withstand motion to dismiss).

[25]*Klatt v. Commonwealth Edison Company*, 211 N.E.2d 720, 724 (Ill. 1965).

[26]*Id.*

[27]*See* 382 N.E.2d 424, 427 (Ill. App. 1st Dist. 1978) (holding that otherwise a willful and wanton entrustment cause of action would not be distinguishable from negligent entrustment); *see also* Restatement (Second) of Agency §§ 308, 390 (1958) (stating that mere entrusting the instrumentality to an inexperienced person in a manner involving risk of harm to others constitutes negligent entrustment).

as a condition for a willful and wanton entrustment cause of action.[28] In *Lockett*, a pedestrian who was struck by the bus driver sued the transit authority on a theory of willful and wanton entrustment.[29] The court held that the evidence of the driver's poor driving record was improperly excluded by the trial court since it was essential for the plaintiff's case.[30] The court noted that if despite its knowledge of the employee's bad driving record, the transit authority continued to employ him and to permit him to drive its vehicles, the jury could have found willful and wanton entrustment on the part of the defendant.[31] Therefore, factual allegations of the employee's poor driving record and the employer's entrustment of its vehicle despite its knowledge thereof makes the plaintiff's recovery against the employer plausible on the theory of willful and wanton entrustment.[32]

The same point is also made in a federal diversity case in *Crawford v. Yellow Cab Company*, where the court held that in order to support a willful and wanton entrustment cause of action against the cab company, the injured plaintiff had to prove that: (1) the driver was incompetent; and (2) the cab company did in fact know of his poor driving record.[33] The Court is persuaded that stating these two sets of factual allegations in the complaint would be sufficient to make recovery plausible in satisfaction of *Bell Atlantic*. Therefore, the Court must now examine whether the present complaint

---

[28]*See* 445 N.E.2d 310, 314 (Ill. 1983).

[29]*Id.* at 312-13.

[30]*Id.* at 314.

[31]*Id.*

[32]*See id.*

[33]572 F.Supp. at 1210.

sufficiently states both sets of required factual allegations.

Here, the plaintiffs allege numerous driving and other violations committed by Bevan from 1997 to the date of the accident. The complaint fails to specify the date when Bevan began his employment with Hirschbach, however, the plaintiffs' counsel stated at the oral argument that Bevan started in February of 2005. Therefore, at least some of the driving violations occurred while Bevan was employed by Hirschbach. The plaintiffs also properly pleaded the second required allegation, namely, continued entrustment of the vehicle by Hirschbach to Bevan in spite of Hirschbach's knowledge of Bevan's poor driving record. The plaintiffs' counsel indicated at the oral argument that depositions of Hirschbach show that the employer was indeed aware of Bevan's numerous driving violations. Defendants' counsel did not contend otherwise, but argued that the violations were not "egregious" enough, as described in the complaint, to satisfy the elements of this cause of action. The Court finds that the plaintiffs' allegations of Bevan's multiple accidents, numerous citations and record-keeping violations, along with Hirschbach's knowledge of them, is sufficient to state a plausible cause of action for willful and wanton entrustment.

Finally, this case does not pose a concern that allowing Count II to remain will result in costly discovery or inducement of a settlement.[34] As the Seventh Circuit explained, for complaints involving complex litigation, like antitrust or RICO cases, where discovery is likely to be more costly than in a usual case, more factual allegations might be necessary to show that the relief is plausible.[35] This personal injury case, however, does not require additional factual allegations. Morever, the discovery deadline has already expired and has been extended only by agreement of

---

[34]*See Bell Atlantic*, 127 S.Ct. at 1966 (aiming to avoid the "in terrorem" effect of allowing a plaintiff with a "largely groundless claim" to force a defendant into costly litigation or a high settlement).

[35]*Tamayo*, 526 F.3d at 1083 (citing *Limestone*, 520 F.3d at 803-04).

the parties, so there will be no additional discovery burden upon Hirschbach if the Court allows Count II to withstand the motion to dismiss. Thus, the Court finds that allowing the plaintiffs to proceed with Count II is justified.

**C. Hirschbach's remaining arguments.**

Having found that the plaintiffs' allegations of willful and wanton entrustment satisfied the *Bell Atlantic* requirements, the Court finds it necessary to address two remaining arguments that Hirschbach makes in its motion to dismiss. First, Hirschbach argues that the plaintiffs failed to properly plead a willful and wanton entrustment cause of action because the allegations are identical to their former allegations in support of the claim for negligent entrustment.[36] Although both counts are indeed the same, the plaintiffs' allegations of negligent entrustment were never adjudicated on their merits and were dismissed because the plaintiffs did not object to Hirschbach's motion to dismiss that claim. Therefore, former allegations of negligent entrustment could not be used to discredit present allegations of willful and wanton entrustment.

Second, Hirschbach argues that applying *Richards v. Checker Taxi Co., Inc.*, warrants dismissing Count II because there, the facts are similar to this case and the court found for the defendant cab company.[37] That court reasoned that regardless of the prior driving record of the employee, the company should have had a chance to subjectively evaluate him, and since the driver incurred "no major driving violations" while working for the defendant, there was no evidence of

---

[36]*See Richards v. Checker Taxi Co., Inc.*, 522 N.E.2d 650, 652 (Ill. App. 1st Dist. 1988) (stating that "misconduct that is necessary to prove willful and wanton entrustment is different from the misconduct that is necessary to prove negligent entrustment").

[37]*See id.* (holding that even though the driver had a poor driving record, the employer's failure to obtain an abstract of the record in order to properly determine whether the driver was competent is not enough to constitute willful and wanton entrustment).

willful and wanton entrustment on the part of the company.[38]

Despite apparent similarities, *Richards* is distinguishable from the case at bar because the *Richards* court expressly assumed that the cause of action was properly pled.[39] Moreover, the court was reviewing the validity of the jury verdict based on the evidence introduced at trial in state court, while the present case involves sufficiency of the allegations of the complaint in federal court for the purposes of a motion to dismiss.[40] The Court finds that at least some of the driving violations enumerated in the complaint in this case occurred while Bevan was employed by Hirschbach, thus, giving Hirschbach notice of Bevan's incompetency as a driver and, therefore, making the recovery plausible.

---

[38] *Id.*

[39] *Id.*

[40] *See id.*

**IV.     Conclusion**

The recent developments in federal pleading practice have not abolished the notice pleading standard for complaints filed in federal court. The applicable case law in this circuit maintains interpretation of the complaints liberally and in favor of the plaintiffs. In addition, the policy considerations that prompted reinterpretation of Rule 8(a)(2) for screening insufficient complaints in complex litigation cases are not applicable here. The Court is compelled to deny Hirschbach's motion to dismiss at this time. Whether the plaintiffs will be able to prove their willful and wanton allegations is another matter. For the following reasons, defendant's Hirschbach's motion to dismiss Count II is denied [dkt 53].

**IT IS SO ORDERED**

**ENTERED: June 25, 2008**

**UNITED STATES MAGISTRATE JUDGE**